20389.   HUCKEBY *et al.* v. SMITH.

DECIDED FEBRUARY 18, 1931.

*Troutman & Troutman, Branch & Howard,* for plaintiffs.

*Paul S. Etheridge & Son, Morgan S. Belser,* for defendant.

BELL, J. (After stating the foregoing fact.) The plaintiffs insist that the petition set forth a cause of action upon two theories, stated in the brief of their attorneys as follows: "First, the defendant was the agent of the association, and, his duties being to acquire an option from the Perkerson heirs and thereafter to get the City of Atlanta to purchase said option, any profits or commissions made in the performance of these duties as agent belonged to the association, and the facts alleged distinctly showed that the only profits made by the defendant were within the scope of his agency. Second, that the facts showed that the defendant, without

any knowledge of the association or of plaintiffs, made a secret agreement as to commission and did collect the commission, and therefore, under the general principle of law to the effect that an agent, whether gratuitous or not, must account to his principal for all secret profits growing out of the agency, he must account to the association, his principal."

It is, well settled that an agent can not take any advantage or profit to himself out of the relationship, or out of the knowledge thus obtained, to the injury of his principal, and that he will be held to be a trustee "as to any profits, advantages, rights, or privileges under any contract made and obtained within the scope and by reason of such agency, and he will be compelled to transfer to the principal the benefit of his contract upon repayment to him of such sums as he may have expended in consideration of the same." *Forlaw* v. *Augusta Naval Stores Co., 124 Ga.* 261 (6) (52 S. E. 898). See also, in this connection, *Ansley* v. *Cummings, 145 Ga.* 750 (6) (89 S. E. 1071) ; *Stover* v. *Atlantic Ice & Coal Co.,* 154 *Ga.* 228 (113 S. E. 802) ; *Arthur* v. *Georgia Cotton Co., 22 Ga. App.* 431 (2) (96 S. E. 232). We can not agree, however, that the facts of the present case are sufficient to constitute a cause of action, under the principles just stated. Assuming that the defendant could be treated for some purposes as the agent of the plaintiffs and their associates as members of the improvement club, it does not appear that he acted to the injury of his principal. According to the purpose and undertaking of the improvement club, as well as the express provisions of the option agreement, no monetary or property interest was ever owned or acquired, or intended to be owned or acquired, by such organization. The club did not propose to make money out of the transaction, and did not confer upon the defendant any agency or authority to accomplish such a result. The option itself could not have been exercised by the defendant or the improvement club, but expressly provided that it was intended for acceptance only by the City of Atlanta. The sole object to be attained was the purchase of the land by the municipality, for park purposes, and the petition discloses the full accomplishment of this object. The plaintiffs and their associates sought only to perform the office of an intermediary between the Perkerson heirs and the City of Atlanta, expecting no gain in the transaction with either. If the defendant was guilty of questionable con-

duct in departing from the public spirit of the enterprise and in seeking private gain for himself, his action in doing so did not result in any injury or damage to the plaintiffs.

Contracts of agency, to be cognizable in law, must, like other agreements, have reference to the assumption of legal rights and duties, as opposed to engagements of a mere civic or social character, or of such other nature as to exclude monetary values. The parties here engaged in a community enterprise, and all were committed to the endeavor to have the city purchase from others certain property to be used for the purpose of a park, and it is clearly apparent that as between themselves no legal rights or liabilities were contemplated. In order to constitute a valid contract, the intention of the parties must refer to legal relations, so that the courts may take cognizance of it, and it is generally said that the test of this quality of the contract is that the intention of the parties must relate to something which is of a monetary value in the eye of the law. To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, *and a subject-matter upon which it can operate.* Civil Code (1910), § 4222; 13 C. J. 285, § 92; Clark on Contracts (2d ed.), pp. 4-6. If the defendant had neglected to perform any service in connection with his appointment as chairman of the park committee, even though he might have promised to do so, and as a result of his inattention to the matter entrusted to him the members of the improvement club had completely failed in their effort to have a park established in their community, could it have been said that the defendant was liable to his associates or fellow members, or, we might say, to his fellow citizens, because he had not exercised the proper diligence in the premises. Obviously this question should be answered in the negative, because it is evident that the parties did not intend such a result; and for the same reason, the defendant could not be held liable to the other members of the club because he may have stepped aside from the design of the others and made a profit to himself in connection with the transaction. If this were not the law, the members of the various boards of trade, chambers of commerce, and of such organizations as Rotary or Kiwanis, should be cautious in accepting committee or other work in connection with these organizations, lest by some turn of affairs they should find themselves

726

liable in damages where they had sought only to perform a public or quasi-public duty, with no thought of a contractual relation between them and those with whom they were associated for community purposes.

Nothing said herein is intended as any part of approval of the conduct of the defendant as described in the petition. Nor are we here concerned with the question of whether the city of Atlanta or other person might have a recovery against him. What we hold is that the petition shows no intention on the part of the members of the improvement club to establish or enter upon legal relations *as among themselves* with regard to the enterprise in question, and, therefore, that it could not be said in law that the plaintiffs were injured or damaged by the defendant's conduct, or that he was liable to them or the club for any profits that he may have made.

The petition failed to set forth a cause of action, and the general demurrer was properly sustained.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*